UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOGEFI USA, INC., et al.,

              Plaintiffs,                        Case Number 21-12706
v.                                         Honorable Linda V. Parker

BASF CORPORATION d/b/a BASF
USA, BASF MEXICANA SA de CV,
and BASF CANADA,

              Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR ALTERNATE SERVICE ON DEFENDANT BASF MEXICANA SA DE CV (ECF NO. 15.)

On November 18, 2021, Sogefi USA, Inc., Sogefi Air & Cooling Systems, and Sogefi Engine Systems Mexico S de RL de CV (collectively, "Sogefi") filed this matter against Defendants BASF Corporation doing business as BASF USA ("BASF USA"), BASF Mexicana SA de CV ("BASF Mexicana"), and BASF Canada. (ECF No. 1.) Sogefi alleges that Defendants collectively breached an Agreement. Sogefi served BASF USA and BASF Canada, who have since answered Sogefi's Complaint. (*See* ECF Nos. 14, 16.) However, Sogefi has failed to serve BASF Mexicana with its Complaint. This matter is before the Court on Sogefi's Ex Parte Motion for Alternate Service on BASF Mexicana pursuant to Federal Rule of Civil Procedure 4(f)(3). (ECF No. 15.) None of the parties have

responded to the motion.

BASF Mexicana is a corporation in Mexico.  (Compl. ¶ 3, ECF No. 1 at Pg ID 2.)  "The [United States] and Mexico are both signatories to the Hague Convention."  (ECF No. 15 at Pg ID 351 n. 5.)  As such, service of process on BASF Mexicana will be through the Mexican central authority.  *See In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017).  However, Sogefi requested to serve BASF Mexicana through BASF USA, who declined and informed Sogefi that they are not authorized to accept service on behalf of BASF Canada or BASF Mexicana.  (ECF No. 15 at Pg ID 348; ECF No. 15-7.)  Sogefi has not yet attempted service but has "secured a quotation from a service provider for service in Mexico according to the Hague Convention."  (*Id*. at Pg ID 354; ECF No. 15-8.)

Federal Rule of Civil Procedure 4(h)(2) provides for service on a corporation outside of the United States in any manner prescribed by Rule 4(f).  Rule 4(f)(1) provides service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  Rule 4(f)(3) provides service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  The Sixth Circuit has not addressed whether either method is preferred, but other courts have found no

hierarchy.  *See Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1039 (E.D. Mich. 2019) (collecting cases holding that service under Rule 4(f)(3) need not be the last resort.)

However, an alternate method of service "must comport with constitutional notions of due process, namely that the service of process be reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id*. (quoting *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013)).  Secondly, courts "require, as a factor in weighing whether to exercise its discretion and allow substituted service, a showing that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service."  *Gamboa*, 414 F. Supp. 3d at 1040 (quoting *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017).

In the instant case, Sogefi states, "[r]ather than wasting over a year of time and significant resources to serve BASF [Mexicana] via personal service through the Hague Convention protocols, Sogefi requests leave to serve BASF [Mexicana] via email."  (*Id*. at Pg ID 338 (end footnote omitted).)  Sogefi argues that Rule 4(f)(3) allows for alternate service via email and that it is appropriate here.  (*Id*. at Pg ID 348.)  The Court agrees that Rule 4(f)(3) allows for alternate service via

email and that it does not violate the Hague Convention or notions of due process in certain circumstances.  *Aerodyn Eng'g, LLC v. Fidia Co.*, No. 20-10896, 2020 WL 3000509, at *2 (E.D. Mich. June 4, 2020)

However, the Court must still evaluate whether Sogefi has made reasonable efforts to serve the BASF Mexicana to determine if the Court's intervention will avoid further burdensome or futile attempts at service.  *See Phoenix Process Equip. Co.*, 250 F. Supp. 3d at 306.  Sogefi has not made a reasonable effort but contends that service through the Hague would be futile or impracticable because a service provider indicates that it will take nine to twelve months and require translation of all filings into Spanish.  (ECF No. 15 at Pg ID 354-55.)  However, Sogefi has not demonstrated impracticability, only inconvenience.  Further, Sogefi "has not shown that achieving service through the Convention would be unsuccessful or result in unreasonable burden or delay."  *Aerodyn Eng'g, LLC*, No. 20-10896, 2020 WL 3000509, at *2.

Based on the foregoing, the Court denies the motion without prejudice. Sogefi may renew its request upon a showing that reasonable efforts to serve BASF Mexicana have been made and that the Court's intervention is necessary to avoid burdensome or futile attempts at service.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Ex Parte Motion for Alternate Service on

4

Defendant BASF Mexicana is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 20, 2022